The last case for argument is No. 25-1110, Liu v. Hyper Bicycles. Good morning, Your Honors. Christopher Hultquist for the Plaintiff, Fa-Sheng Liu. We're here on appeal of the trial court's order granting attorney's fees to Hyper Bicycles and the underlying action. And I'm arguing today that the court erred by ignoring evidence. Could I ask you to speak up just a little bit? I'm sorry. Thank you. We're here on the trial court's order granting Hyper Bicycles motions for attorney's fees and an underlying action, which was – can you hear me? I'm sorry. Yeah, I just want to make sure. And an eventual summary judgment that went in the favor of defendant, Hyper Bicycles. Well, to be clear, summary judgment that went in their favor because you didn't propose any disputes of fact in response to their statement. So the court had to accept their statement of fact as true. And so there was – it wasn't as if this was a difficult case for the district court below and not a difficult case on appeal on the summary judgment. Because when you don't oppose the facts and they're accepted as true, they win. I have – I understand, Your Honor. I think what for today's purpose, just on the attorney's fees – We're talking abuse of discretion here, too, right? It's a high standard and that's understood, Your Honor. The reason I think that there's a problem with what the trial court did here was in its decision, its memorandum in order, when it found that the plaintiff filed the action in good faith and there was no misconduct, based an initial timeframe on a time period when the court found that an interrogatory was proposed where the plaintiff acknowledged that he had no documents to support his patent infringement claim. Now, I think it's undisputed that there were no interrogatories on that issue propounded. So – Are these the arguments that were made for the first time in your reply break? Yes, that is, Your Honor. I mean, why should we be even hearing those? We don't hear arguments made for the first time in the reply break. I mean, this is just another indication of the way this case has been litigated in a way that supports a finding of exceptional circumstances. Your Honor, I guess I disagree. I think in the attorney fee analysis, I do think looking at the totality of circumstances – You disagree that we are not supposed to look at arguments made for the first time in a reply brief? No, no, no. I don't disagree with that. I disagree with, if I'm correct in saying that this is an exceptional case. I think looking at the totality of the circumstances, what happened here, Your Honor, there was no intentional actions or vexatious litigation in an effort, as a matter of fact, at the summary judgment hearing, although it was an artful or maybe not the best litigation tactic not to file that opposition paper. One of the prongs that can be the basis for finding of exceptional circumstances is unreasonable manner in which the case was litigated. This screams out that it was unreasonably litigated, I think. It may not be conventional. How is it reasonable? Your Honor, looking at this case in hindsight, there were several delays, motions to extend time that went on over a period of time. There was deposition testimony of the principle for the defendant in another case that was used and ultimately rejected by the trial court. There was testimony from the plaintiff in this action that was supported and there was a statement and a counterclaim which the plaintiff thought was an admission that would preclude summary judgment, notwithstanding the failure to file the document. The bottom line, and I confess, I'm the district judge here, so I'm looking at this record from perhaps that perspective, but there were, if I'm correct, requested four extensions. There was no discovery taken, is that correct? And the district judge characterized this as cursory briefing. Isn't the district judge in a good position to determine whether or not this was an unreasonable manner in which the case was litigated? I think the district judge is in a better position to make that finding. However, the multiple extensions, and I believe I addressed this, were partially from a withdrawal of appearance of defense counsel in the District of Massachusetts. Effectively, when that happens, when there is no local counsel, the ProHoc VJ counsel could not really attend to the case. So those extensions were, there was nine months before a new attorney came in on the case. Yet there was still no discovery during the period in addition to the timelines. You didn't take any discovery? Your Honor, strategically, that may have been not the wisest course in hindsight. I don't understand how you prove your allegations and your complaint without taking any discovery. And then when pressed on summary judgment, you don't even oppose the factual assertions in the defendant's motion. Well, Your Honor, the factual... Or is this even remotely a reasonable way to litigate a case? Your Honor, looking back on this, the deposition testimony of the principal or the defendant was... Well, if you were going to use that, you should have at least filed a statement of genuine issues and material facts and cited to it and asked that it be admitted. You didn't do any of that. The statement of issues of material facts was not submitted. However, the deposition transcript testimony under oath was submitted, Your Honor. I know... That's not the way courts do litigation. That's understood, Your Honor. In any event... Do you have anything else? I think we have your argument. Okay. Thank you, Your Honor. The defendant's counsel. Good morning, Your Honor. If you may please the court. My name is Lawrence Eckhoff, and I represent the respondent, Piper Bicycles. In the argument so far, I think Your Honor has really caught on what the issue here was before the trial court. The issue is, is this an exceptional case? And did the district court err? So finding it to be an exceptional case warranting the award of attorney's fees. The district court said quite clearly in its opinion that its ruling was based on the totality of the circumstances, which was the frivolity of plaintiff's claims and his failure to litigate the case meaningfully and therefore found it to be an exceptional case. There was no discovery. In fact, this case was filed in September of 2020. Both local counsel and myself were involved until local counsel withdrew two years later. In that two-year period, no discovery by the plaintiff was done whatsoever. There was a hiatus when the local counsel withdrew, but then after that there were still more extensions and no discovery was conducted. More importantly is that in the deposition of the plaintiff himself, he testified that he had no evidence, no documents, no facts. And so what the district court did was limited the attorney's fees and said from the point in time I'm going to give you attorney's fees, but starting in 2022, I'm not going to give you from the beginning because I don't find that it was a case that was frivolously filed. But what the court found and what the appellate rulings say is that even during the course of a case, if it comes to be a point in time that you learn that the case is frivolous or you don't have facts to support it, it's at that point that you're supposed to dismiss the case or you're supposed to do something. And nothing happened here. So I think the court was well within its rights. So is the district court basing this on both unreasonable process of litigation and from that point onwards, it's a frivolous case? Yes. So it's both? It is both. I think the court found that at that point where Mr. Liu testifies, I have no facts, I have no damages that I know of, I have no documents to support my claims, I have nothing. At that point, the district court said, okay, that was at the point where you have to do something as a plaintiff. You just can't keep prosecuting the case and having the defense incur legal fees and costs along the way. And the district court recognized that. And the district court recognized also the fact that on the summary judgment, there was no meaningful opposition and makes comment upon that in the court's opinion. We ask this court to affirm the ruling of the district court because this court was well within its discretion. We have an abusive discretion standard and there's no clear error in this record at all which would support a reversal. District court saw the case for what it was and how it was improperly prosecuted. So unless your honors have any questions of me, I would submit otherwise. Thank you. Thank you for your time. I appreciate it. Mr. Holt, if you have some time for rebuttal, if you want to. Your honor, I'll rest on my briefs. Okay, thank you. Thank you. Case is submitted.